UGP Acupuncture, P.C. v GEICO Ins. Co. (2022 NY Slip Op 50610(U))

[*1]

UGP Acupuncture, P.C. v GEICO Ins. Co.

2022 NY Slip Op 50610(U) [75 Misc 3d 142(A)]

Decided on June 17, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2021-141 K C

UGP Acupuncture, P.C., as Assignee of
Lora-Martinez, Orangel, Appellant, 
against
GEICO Ins. Co., Respondent. 

The Rybak Firm, PLLC (Damin J. Toell and Richard Rozhik of counsel), for appellant.
Law Office of Goldstein, Flecker & Hopkins (Lawrence J. Chanice of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Odessa
Kennedy, J.), dated March 22, 2021. The order, insofar as appealed from, granted the branches of
defendant's motion seeking summary judgment dismissing so much of the complaint as sought to
recover on plaintiff's claims for services billed using CPT codes 97810 and 97811, and for
services performed on or after August 10, 2016, and denied the branch of plaintiff's cross motion
seeking summary judgment.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals
from so much of an order of the Civil Court as granted the branches of defendant's motion
seeking summary judgment dismissing so much of the complaint as sought to recover on
plaintiff's claims for services billed using CPT codes 97810 and 97811 on the ground that
defendant had paid these claims in accordance with the workers' compensation fee schedule for
acupuncture services performed by chiropractors, and so much of the complaint as sought to
recover on plaintiff's claims for services performed on or after August 10, 2016 on the ground of
lack of medical necessity, and denied the branch of plaintiff's cross motion seeking summary
judgment.
Contrary to plaintiff's contention, the affidavit plaintiff submitted in opposition to the branch
of defendant's motion seeking summary judgment dismissing so much of the complaint as sought
to recover on plaintiff's claims for services rendered on or after August 10, 2016 failed to raise a
triable issue of fact as it did not meaningfully refer to, let alone rebut, defendant's prima facie
showing of lack of medical necessity (see Pan Chiropractic, P.C. v Mercury Ins. Co., 24 Misc 3d 136[A],
2009 NY Slip Op 51495[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists [*2]2009]).
To the extent plaintiff appeals from so much of the order as granted the branch of defendant's
motion seeking summary judgment dismissing so much of the complaint as sought to recover on
plaintiff's claims for acupuncture services billed using CPT codes 97810 and 97811, for the
reasons stated in Mind & Body Acupuncture, P.C., as Assignee of Wilson, Bernadette v
State Farm Mut. Auto. Ins. Co. (— Misc 3d —, 2022 NY Slip Op —
[appeal No. 2019-1418 K C], decided herewith), plaintiff's contention lacks merit.
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 17, 2022